IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for ENTERPRISE BANKING COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>KIRKLAND ROAD, LLC, A Georgia Limited Liability Company, And CENTRAL HENRY DEVELOPMENT, LLC, A Georgia Limited Liability Company,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE<br>NO. 1:12-CV-03982-RWS |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Federal Deposit Insurance Corporation as Receiver for Enterprise Banking Company's ("FDIC-R") unopposed Motion for Summary Judgment (Doc. #16) against Defendants Kirkland Road, LLC ("Kirkland Road") and Central Henry Development, LLC ("Central Henry").

### I.    BACKGROUND FACTS

On December 23, 2008, Kirkland and Central Henry entered into a loan with Enterprise Banking Company ("Enterprise") in the principal amount of

$450,000.00.   Douglas Adams ("Adams") is Manager of Kirkland and Central Henry.  In deposition testimony, Adams admitted that he executed a Multipurpose Note and Security Agreement ("Note") dated December 23, 2008 between Enterprise, Kirkland and Central Henry. Adams admitted that he was authorized to execute the Note on behalf of both Kirkland and Central Henry.

The Note reached maturity and Kirkland, Central Henry and Enterprise renewed the loan by entering into a new Multipurpose Note and Security Agreement ("Renewal Note") on April 27, 2010.  The principal amount of the loan was reduced to $425,948.54.  Adams admitted that he signed the renewal Note on behalf of Kirkland and Central Henry and that he was authorized to do so.

The renewal Note reached maturity on May 1, 2011.  Kirkland and Central Henry failed to make the quarterly interest payments required during the term of the Renewal Note, and failed to make payment of the principal and interest at maturity or any time thereafter.  Adams has admitted that he does not contend that Kirkland or Central Henry paid the amounts due under the Renewal Note. He further admitted that there was no wrongdoing on the part of Enterprise in entering into the loan with Kirkland and Central Henry.

Defendants Kirkland and Central Henry are in default of their obligations under the Renewal Note.  The outstanding principal balance due to FDIC-R is $425,948.54.  The total interest owed as of August 20, 2013 is $37,414.75.  FDIC-

R is owed $1,743.93 in late fees. The loan agreement executed by Adams also provides for attorneys' fees in the amount of fifteen percent (15%) of the principal plus accrued interest, plus payment of court costs, totaling $69,766.08.

## II.   DISCUSSION

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-movant. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Even if a motion for summary judgment is unopposed, the movant must nevertheless show it is entitled to judgment on the merits, based on evidentiary materials in the record. *See Dunlap v. Transam. Occidental Life Ins. Co.,* 858 F.2d 629, 632 (11th Cir.1988) (district court did not err in treating motion for summary

judgment as unopposed where it considered the merits of the motion). The district court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted," but it must at least review all those submitted in support of the summary judgment motion. *United States v. 5800 S.W. 74th Ave.,* 363 F.3d 1099, 1101 (11th Cir.2004). A district court's order granting an unopposed motion for summary judgment must indicate that the merits were considered. *Id.* at 1102.

The evidence is undisputed that Kirkland and Central Henry are in default of their obligations under the Note.  Neither Defendant has presented any defense to the claims of Plaintiff. Therefore, the Court finds that Plaintiff is entitled to summary judgment against Defendants.

## III.   CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment [16] is hereby **GRANTED.** The Clerk shall enter judgment in favor of Plaintiff and against Defendants in the amount of $425,948.54 in principal; $37,414.75 in interest; $1,743.93 in late fees; contractual attorneys' fees in the amount of $69,766.08; and costs of this action.

4

**SO ORDERED.**

This _21st_ day of _August_, 2013.

RICHARD W. STORY
Judge, United States District Court
Northern District of Georgia

5